IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FELICIA HOLBROOK,**

      **Petitioner,**

      v.

**UNITED STATES OF AMERICA,**

      **Respondent.**

      **CASE NO. 2:16-CV-01012**
      **CRIM. NO. 2:15-CR-252**
      **JUDGE MICHAEL H. WATSON**
      **Magistrate Judge Elizabeth P. Deavers**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 32.)  This matter is before the Court on its own motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

Petitioner's request for the appointment of counsel is **DENIED.**

On December 17, 2015, Petitioner pleaded guilty pursuant to the terms of her negotiated *Plea Agreement* to conspiracy to commit a kidnapping offense, in violation of 18 U.S.C. § 371. (ECF Nos. 15, 18.)  On April 8, 2016, the Court imposed a sentence of 48 months imprisonment followed by three years of supervised release.  (ECF No. 29.)  Petitioner did not file an appeal.

On October 21, 2016, she filed the instant motion under 28 U.S.C. § 2255.  Petitioner asserts that her sentence should be reduced pursuant to Amendment 794 to the United States Sentencing Guidelines, under U.S.S.G. § 3B1.2, due to her alleged minor role in the offense.

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to

> impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to obtain relief pursuant to 28 U.S.C. § 2255, a prisoner must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (quotations omitted). Moreover, "it is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States,* 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)). Accordingly, if a claim could have been raised on direct appeal, but was not, the Court will not consider the claim via a § 2255 motion unless the petitioner shows: (1) cause and actual prejudice to excuse her failure to raise the claim previously; or (2) that she is "actually innocent" of the crime. *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Applying these principles here, Petitioner's motion fails.

> [N]onconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver. . . . [W]hen a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been a fundamental unfairness, or what amounts to a breakdown of the trial process.

*Sutton v. United States*, 85 F.3d 629, No. 95-6124, 1996 WL 233981, at *2–3 (6th Cir. May 7, 1996) (quoting *Grant v. United States*, 72 F.3d 503 (6th Cir. 1996)). This is not such a "rare" case. Petitioner has not alleged "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short,* 471 F.3d at 691 (quotations omitted).

2

Petitioner seeks application of the 2015 edition of the United States Sentencing Commission Guidelines Manual. Specifically, she seeks a sentence reduction based on Amendment 794 to the United States Sentencing Guidelines, made effective November 1, 2015, under U.S.S.G. § 3B1.2. That Guideline provides:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

Effective November 1, 2015, Amendment 794 changed the prior version of § 3B1.2 by clarifying that a criminal defendant's culpability is to be determined only by reference to co-participants and not a "typical offender."  The Amendment also provides a non-exhaustive list of factors to be considered by the sentencing court in determining whether to apply a mitigating role adjustment under § 3B1.2 and, if so, the amount of that adjustment. *See United States v. Benally*, No. CR 14-3430, 2015 WL 7814678, at *10 n.4 (D. N.M. Nov. 20, 2015) (citing United States Sentencing Commission, Amendments to the Sentencing Guidelines 45 (2015), and U.S.S.G. § 3B1.2, cmt. 3(A) ("This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity.")).

In this case, however, the Court applied the 2015 Guidelines.  *See PreSentence Investigation Report*, ¶ 27.  Therefore, although Petitioner did not obtain a reduction based on

3

her minor role in the offense,[1] she obtained the benefit of the changes made by Amendment 794. Moreover, Petitioner had a recommended sentence of 60 months imprisonment under the United States Sentencing Guidelines. *PreSentence Investigation Report*, ¶ 85.[2]  Nevertheless, she pleaded guilty pursuant to the terms of her *Plea Agreement* whereby the parties stipulated to a binding sentencing range of 36 to 48 months in federal prison. *Plea Agreement* (ECF No. 15, PageID# 37.) Defense counsel argued for a sentence of 36 months. *See Defendant's Sentencing Memorandum* (ECF No. 27.) The Court imposed 48 months of imprisonment, which is within the range of terms of her *Plea Agreement*. (ECF No. 30.) Moreover, pursuant to the terms of her *Plea Agreement*, Petitioner waived her right to appeal the sentence and to challenge the sentence collaterally in a proceeding under 28 U.S.C. § 2255. (PageID# 38.)

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**. Petitioner's request for appointment of counsel is **DENIED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

---

[1] The *PreSentence Investigation Report* indicates that Petitioner and her co-conspirator, Daniel Woods, acted as partners in the offense. *PreSentence Investigation Report*, ¶ 32.

[2] Her actual recommended sentence was between 121 to 151 months; however, the statutory maximum for the offense was 60 months. *PreSentence Investigation Report*, ¶ 85.

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

s/ *Elizabeth A. Preston Deavers*
**Elizabeth A. Preston Deavers**
**United States Magistrate Judge**
